Exhibit 3

**14   CV   8706**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

JOHN HYUN, JORDAN RICASA, THANH TA,  
MARIA FRANCISCO and RYAN ROBINETT on  
behalf of themselves and on behalf of other  
similarly situated individuals,

                              Plaintiffs,

        -against-

IPPUDO USA HOLDINGS, INC; IPPUDO NY,  
LLC; IPPUDO WESTSIDE, LLC, and IPPUDO  
KURO-OBI, LLC,

                              Defendants.

-------------------------------------------------------------- X

RECEIVED  
OCT 31 2014  
Index No. U.S.D.C. S.D. N.Y.  
CASHIERS

**COLLECTIVE AND CLASS  
ACTION COMPLAINT**

**Jury Trial Demanded**

      Plaintiffs John Hyun, Jordan Ricasa, Thanh Ta, Maria Francisco and Ryan Robinett

(collectively, "Plaintiffs"), on behalf of themselves and all other similarly situated individuals,

by and through their undersigned counsel Wigdor LLP, as and for their Collective and Class

Action Complaint in this action against Defendants Ippudo USA Holdings, Inc., Ippudo NY,

LLC, Ippudo Westside, LLC and Ippudo Kuro-Obi, LLC (together, "Ippudo" or "Defendants")

hereby allege as follows:

## NATURE OF THE CLAIMS

      1.    Plaintiffs are current or former service employees of Defendants who work or

have worked at the restaurant commonly known as Ippudo Westside, located at 321 West 51st

Street, New York, New York 10019 ("Ippudo Hell's Kitchen"), and bring this class and

collective action on behalf of all similarly situated service employees who were and are

subjected to the same unlawful wage practices at both Ippudo Hell's Kitchen and its sister-

restaurant, Ippudo NY, located at 65 Fourth Avenue, New York, New York 10003 ("Ippudo East

Village").

2.       Plaintiffs, who are or were employed as servers, bussers and/or bartenders, and other similarly situated individuals were and are being subjected to numerous violations of federal and state labor laws, including (i) failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and the New York Labor Law ("NYLL"), §650 *et seq.*; (ii) illegal retention of employee gratuities and "charges purported to be gratuities" in violation of NYLL §196-d; (iii) failure to pay wages earned in accordance with the agreed terms of employment in violation of NYLL §191 *et seq.*; (iv) unlawful wage deductions in violation of NYLL §193 *et seq.*; (v) failure to provide "Spread of Hours" compensation in violation of New York Compilation of Codes, Rules and Regulations ("NYCRR") §142-2.4 *et seq.*; and (vi) failure to provide uniform purchase and maintenance reimbursement in violation of New York State Hospitality Wage Order §146-1.7 *et seq.*

3.       Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all other similarly situated persons who were employed by Defendants as "Head Servers," "Servers," Bussers, "Bartenders," "Barbacks," or other similar service "tipped" positions who were/are not paid the prevailing minimum wage for all hours worked or proper overtime wages for all hours worked over forty (40) hours in a workweek during the full statutory limitations period (the "FLSA Collective Period"). Plaintiffs and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

4.       Plaintiffs' claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule ("Fed. R. Civ. P.") 23 on behalf of themselves and on behalf of all other similarly situated persons who were/are employed by Defendants as "Head Servers," "Servers," Bussers, "Bartenders," "Barbacks," or other similar service "tipped"

positions who: (a) were/are not paid the minimum wage for all hours worked; (b) were/are not

paid proper overtime wages for all hours worked over 40 hours in a workweek; (c) were/are not

provided the gratuities and/or "charges purported to be gratuities" which were/are unlawfully

retained by Defendants; (d) were not paid for all hours worked pursuant to their agreed upon

terms of compensation; (e) did not receive "Spread of Hours" pay; (f) had unlawful deductions

made from their wages; and (g) were not lawfully compensated by Defendants for uniform

purchase and maintenance costs, during the full statutory limitations period (the "NYLL Class

Period").  Plaintiffs and all other such similarly situated persons are jointly referred to herein as

the "NYLL Class."

## JURISDICTION AND VENUE

5.       Pursuant to 28 U.S.C. §§1331 and 1343, the Court has subject matter

jurisdiction over this action because this action involves federal questions regarding the

deprivation of Plaintiffs' rights under the FLSA.  Pursuant to 28 U.S.C. §1367(a), the Court has

supplemental jurisdiction over Plaintiffs' related claims under the NYLL.

6.       Pursuant to 28 U.S.C. §1391(a), venue is proper in this district because a

substantial part of the events or omissions giving rise to this action occurred in this district.

7.       Plaintiffs' claims are properly consolidated as a single action because their

claims involve the same defendants, arise from the same nexus of facts and circumstances, and

involve nearly identical issues of fact and law.

## PARTIES

8.       Defendant Ippudo USA Holdings, Inc. ("Ippudo USA") is a New York

corporation that is registered to accept service of process at 420 Lexington Avenue, Suite 2160,

New York, New York 10170.  Upon information and belief, Ippudo USA owns and/or operates:

(a) Ippudo Hell's Kitchen and (b) Ippudo East Village. At all relevant times, Ippudo USA was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by §203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

9.      Defendant Ippudo NY, LLC ("Ippudo NY") is a New York limited liability company that is registered to accept service of process at 420 Lexington Avenue, Suite 2160, New York, New York 10170. Upon information and belief, Ippudo NY owns and/or operates: (a) Ippudo Hell's Kitchen and (b) Ippudo East Village. At all relevant times, Ippudo NY was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by §203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

10.      Defendant Ippudo Westside, LLC ("Ippudo Westside") is a New York limited liability company that is registered to accept service of process at 420 Lexington Avenue, Suite 2160, New York, New York 10170. Upon information and belief, Ippudo Westside owns and/or operates: (a) Ippudo Hell's Kitchen and (b) Ippudo East Village. At all relevant times, Ippudo Westside was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by §203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

11.      Defendant Ippudo Kuro-Obi, LLC ("Ippudo Kuro-Obi") is a New York limited liability company that is registered to accept service of process at 420 Lexington Avenue, Suite 2160, New York, New York 10170. Upon information and belief, Ippudo Kuro-Obi owns and/or operates: (a) Ippudo Hell's Kitchen and (b) Ippudo East Village. At all relevant times, Ippudo Kuro-Obi was an "employer" within the meaning of all applicable statutes, and an enterprise

4

engaged in commerce as defined by §203(r) and (s) of the FLSA, with annual gross volume

business done in an amount not less than $500,000.

12.     Plaintiff John Hyun is an adult resident of New York State and was employed

by Defendants as a server from in or about July 2013 to October 2014. At all relevant times, Mr.

Hyun was an "employee" within the meaning of all applicable statutes. A Consent to Participate

as a Plaintiff in this action executed by Plaintiff Hyun will be filed with the Court.

13.     Plaintiff Jordan Ricasa is an adult resident of New York State and has been

employed by Defendants as a server and bartender from in or about May 2013. At all relevant

times, Mr. Ricasa was an "employee" within the meaning of all applicable statutes. A Consent

to Participate as a Plaintiff in this action executed by Plaintiff Ricasa will be filed with the Court.

14.     Plaintiff Thanh Ta is an adult resident of New York State and has been

employed by Defendants as a server from in or about May 2013. At all relevant times, Ms. Ta

was an "employee" within the meaning of all applicable statutes. A Consent to Participate as a

Plaintiff in this action executed by Plaintiff Ta will be filed with the Court.

15.     Plaintiff Maria Francisco is an adult resident of New York State and has been

employed by Defendants as a server from in or about July 2013. At all relevant times, Ms.

Francisco was an "employee" within the meaning of all applicable statutes. A Consent to

Participate as a Plaintiff in this action executed by Plaintiff Francisco will be filed with the

Court.

16.     Plaintiff Ryan Robinett is an adult resident of New York State and has been

employed by Defendants as a server from in or about September 2013. At all relevant times, Mr.

Robinett was an "employee" within the meaning of all applicable statutes. A Consent to

Participate as a Plaintiff in this action executed by Plaintiff Robinett will be filed with the Court.

## FACTUAL ALLEGATIONS

17.      Defendants own and operate two restaurants in New York, New York named

Ippudo NY and Ippudo Westside, which primarily serve Japanese-inspired food to the public.

18.      Defendants: (a) regularly share and/or interchange employees;  (b) operate the

same website (www.ippudony.com); (c) have the same or substantially the same menu and

prices; (d) share one Facebook.com page; (e) share one Twitter.com handle/moniker; (f) upon

information and belief, utilize the same employment application form; (g) share general

managers; (h) have the same logo; and (i) compensate employees at the same or similar hourly

rates across all locations.

### Minimum Wage Violations

19.      Defendants were/are permitted under the FLSA and NYLL to pay certain tipped

employees at a statutory hourly rate that is less than the standard hourly minimum wage rate so

long as the "tips" or "gratuities" that such tipped employee is expected to receive, when added to

the hourly wages, meet or exceed the standard hourly minimum wage, and so long as all tips

received by the employees are retained by the employee.

20.      However, Defendants were not entitled to avail themselves of the reduced

minimum wage by applying the tip credit allowance for Plaintiffs, the FLSA Collective, and the

NYLL Class, because, *inter alia*, Defendants retained a portion of the tips shared by employees,

and required them to share and/or pool their tips with non-service employees such as Line Cooks

Preparation Cooks, Ramen Chefs, and other employees who did not perform "tipped" duties.

Such employees did not perform any direct customer service, were not engaged in customarily

tipped work, and did not have meaningful interaction with customers.

21.     In fact, daily "tip sheets," which list the amount of tips Defendants allegedly collect from customers, state that fourteen per cent (14%) of all tips are allocated to the "back," meaning Cooks, Chefs and other non-customarily tipped-employees with little to no customer interaction.

22.     Notwithstanding any "tip sheets" Defendants may make available to Plaintiffs and the FLSA Collective and NYLL Class, upon information and belief, Defendants underreport the amount of tips and gratuities they receive from customers on the "tip sheets," resulting in the unlawful retention of tips and gratuities by Defendants.

23.     As such, Defendants were obligated to pay Plaintiffs, the FLSA Collective, and the NYLL Class the standard hourly minimum wage rate, and not any reduced minimum wage through application of a tip credit.

24.     At all relevant times, Defendants knew that nonpayment of the minimum wage would economically injure Plaintiffs, the FLSA Collective, and the NYLL Class and violated federal and state laws.

**Overtime and Off-the-Clock Violations**

25.     Defendants routinely failed to pay Plaintiffs and the members of the FLSA Collective and NYLL Class for all hours worked, resulting in substantial "off-the-clock" work performed by Plaintiffs and members of the FLSA Collective and NYLL Class, in violation of NYLL § 191. For instance, Defendants routinely ignore the actual time at which Plaintiffs and members of the FLSA Collective and NYLL Class clock-in and begin working (as reflected in their time cards), and instead round up this time when calculating the amount of hours worked, often by as much as 30 minutes, resulting in substantial uncompensated work.

26.     This practice of shaving time off from Plaintiffs' and the FLSA Collective's and NYLL Class's timesheets and paystubs has resulted in substantial uncompensated, "off-the-clock" work, which has caused Plaintiffs and the FLSA Collective and NYLL Class to not receive compensation at one-and-one-half times their regular rate of pay for all hours worked over forty hours per workweek, in violation of the overtime provisions of the FLSA, 29 U.S.C. § 201, *et seq.* and the NYLL, § 650, *et seq.*

27.     In addition, Plaintiffs and the FLSA Collective and NYLL Class are required to and have attended numerous meetings, for which they did not receive compensation, and to perform administrative work on behalf of Defendants while clocked-out, resulting in overtime and NYLL § 191 violations.

28.     Furthermore, Plaintiffs and the FLSA Collective and NYLL Class are required to be in full uniform before they can clock-in to work, and must clock-out of work before changing out of uniform, which also has resulted in overtime and NYLL § 191 violations.

29.     At all relevant times, Defendants knew that nonpayment of the overtime and straight-time wages would economically injure Plaintiffs, the FLSA Collective, and the NYLL Class and violated federal and state laws.

**New York Labor Law § 196-d Violations**

30.     Defendants also have and continue to retain a portion of the tips collected from customers, including by retaining a portion that is kept as "petty cash" and is then used to pay for expenses incurred by Defendants, cash register shortages, customer underpayments, as well as "birthday cakes" for Defendants' managers, in violation of NYLL § 196-d.

31.     Defendants also unlawfully deduct a portion from tips charged to credit cards to purportedly cover for credit card fees. However, the amounts deducted from tips to cover credit

card fees do not correspond with the actual credit card fees assessed on Defendants, which has

resulted in Defendants unlawfully retaining tips from Plaintiffs and the NYLL Class.

      32.    At all relevant times, Defendants knew that by not distributing the entirety of the

tips to Plaintiffs and the NYLL Class members, Defendants unlawfully demanded and retained

the tips, in violation of NYLL § 196-d.

**Unlawful Wage Deductions**

      33.    Defendants also have taken and continue to take unlawful deductions from the

wages of Plaintiffs and the NYLL Class, in violation of NYLL § 193.

      34.    For instance, Defendants have unlawfully imposed on Plaintiffs and the NYLL

Class, *inter alia*, (a) substantial, disproportional penalties/deductions in wages for being late to

work; (b) penalties/deductions in wages for failing to clock in or out of work; (c) penalties/

deductions in wages if a customer failed to pay a bill or if there was a payment shortage; (d)

penalties/deductions in wages for administrative errors; (e) penalties/deductions in wages for

"inappropriate conduct," which were code words for complaining about Defendants' unlawful

wage and other practices; (f) penalties/deductions in wages for "personal appearance" violations;

and (g) penalties/deductions in wages for failing to attend meetings and tastings, which were

usually uncompensated.

      35.    Defendants even imposed penalties/ deductions in wages on Plaintiffs and the

FLSA Collective and NYLL Class if a customer or group of customers "over-tipped," such as

when customers paid a higher gratuity than a mandatory gratuity assessed on large parties, based

on the logic that the employee failed to clearly inform the customer(s) that gratuity was included

in the bill.

36.     At all relevant times, Defendants knew that they were not authorized or allowed to make the aforementioned deductions from the wages earned by Plaintiffs and the NYLL, in violation of NYLL § 193.

**"Spread of Hours" Violations**

37.     Defendants also failed to pay Plaintiffs and the members of the NYLL Class their proper "Spread of Hours" pay as required under New York law.

38.     Specifically, Defendants are required to pay Plaintiffs and the NYLL Class an extra hour of wages at the minimum wage if an employee's shift or shifts span more than 10 hours in a single day.

39.     However, Defendants failed to pay spread of hours pay to Plaintiffs and the NYLL Class when required, and as such, have violated the NYLL.

**Uniform Purchase and Maintenance Violations**

40.     Defendants also required Plaintiffs and members of the NYLL Class to wear uniforms while they worked.

41.     All or some of the articles of clothing for the uniforms had to be purchased by Plaintiffs and the NYLL Class members themselves.

42.     The clothes were of a particular style determined by Defendants, which could not be worn as part of the NYLL Class members' ordinary wardrobe.

43.     The clothing Plaintiffs and the NYLL Class members were and are required to wear while working constituted a uniform within the meaning of the NYLL.

44.     Defendants have not reimbursed Plaintiffs and the NYLL Class members for the cost of purchasing all or some of the uniforms.

45.      These mandated uniforms could not be cleaned along with Plaintiffs' and the NYLL Class members' every-day clothing, and required dry cleaning and/or other special treatment.

46.      Defendants did not wash and maintain these uniforms for the NYLL Class members.

47.      Defendants did not reimburse Plaintiffs and the NYLL Class members for the cost of cleaning and maintaining the uniforms.

48.      Defendants knew that the foregoing acts violated the FLSA and NYLL, and would economically injure Plaintiffs, the FLSA Collective, and the NYLL Class.

49.      Defendants committed the foregoing acts against Plaintiffs, the FLSA Collective, and the NYLL Class.

50.      Defendant committed the foregoing acts knowingly, intentionally, and willfully.

## FLSA COLLECTIVE ACTION ALLEGATIONS

51.      Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and on behalf of all other similarly situated persons who were employed by Defendants as "Head Servers," "Servers," Bussers, "Bartenders," "Barbacks," or other similar service "tipped" positions during the FLSA Collective Period.

52.      At all relevant times, Plaintiffs and the other members of the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans and practices, and were subject to Defendants' practice of willfully failing and refusing to pay them at the legally required minimum wage for all hours worked, retaining tips for themselves, allowing non-tipped employees to share in their tips, and for failing to pay them proper overtime wages.

53.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the minimum wage and overtime provisions of the FLSA.

54.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 206 by not paying the FLSA Collective and Plaintiffs the prevailing minimum wage for all hours worked, and 29 U.S.C. § 207 by not paying the appropriate overtime wages for all hours worked over 40 in a workweek.

55.     Defendants' violations of the FLSA were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Collective.

56.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the FLSA Collective for the full amount of their unpaid minimum wage, overtime wages owed, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

57.     While the exact number of the FLSA Collective is unknown to Plaintiffs at the present time, upon information and belief, there are at least sixty (60) other similarly situated persons who were employed by Defendants as "Head Servers," "Servers," Bussers, "Bartenders," "Barbacks," or other similar "tipped" positions during the FLSA Collective Period.

58.     Plaintiffs are currently unaware of the identities of the entire FLSA Collective. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants as "Head Servers," "Servers," Bussers, "Bartenders," "Barbacks," or other similar service "tipped" positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses, so Plaintiffs can give the FLSA

Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

59.     Plaintiffs bring their NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and on behalf of all other similarly situated persons who were employed by Defendants as "Head Servers," "Servers," Bussers, "Bartenders," "Barbacks," or other similar service "tipped" positions who were/are: (i) not paid the prevailing minimum wage for all hours worked; (ii) not paid proper overtime wages for all hours worked over 40 hours each workweek; (iii) unlawfully denied tips and gratuities; (iv) subject to unlawful deductions from wages; (v) not paid the lawful "Spread of Hours" pay; (vi) not paid wages for all hours worked; and (vii) not paid uniform purchase and maintenance costs.

60.     The basic job duties of the NYLL Class were the same as or substantially similar to those of Plaintiffs, and the NYLL Class were paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

61.     The NYLL Class, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendants, including not paying the prevailing minimum wage for all hours worked, not paying proper overtime wages for all hours worked over 40 hours each workweek, unlawfully retaining gratuities, unlawfully deducting from wages earned, not paying "Spread of Hours" pay, not paying wages for all hours worked, and not paying uniform purchase and maintenance costs.

62.     During the NYLL Class Period, Defendants were fully aware of the duties performed by Plaintiffs and the NYLL Class, and that those duties were not exempt from the minimum wage, overtime and other applicable provisions of the NYLL and/or its regulations.

63.     As a result of Defendants' conduct as alleged herein, Defendants violated the

NYLL and/or its regulations.  Defendants' violations of the NYLL and/or its regulations were

willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged

Plaintiffs and the NYLL Class.

64.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the

NYLL Class for the full amount of their unpaid minimum wages, unpaid overtime wages, the

tips or gratuities retained by Defendants, their unlawfully deducted wages, the "Spread of Hours"

pay owed, the straight time wages owed, and the costs of purchasing and maintaining uniforms,

plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by

Plaintiffs and the NYLL Class.

65.     Certification of the NYLL Class's claims as a class action is the most efficient

and economical means of resolving the questions of law and fact common to Plaintiffs' claims

and the claims of the NYLL Class.  Plaintiffs have standing to seek such relief because of the

adverse effect that Defendants' unlawful compensation policies and practices have had on them

individually and on members of the NYLL Class.  Without class certification, the same evidence

and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant

risk of inconsistent adjudications and conflicting obligations.  Certification of the NYLL Class is

the most efficient and judicious means of presenting the evidence and arguments necessary to

resolve such questions for Plaintiffs, the NYLL Class and Defendants.

66.     Plaintiffs' claims raise questions of law and fact common to the NYLL Class.

Among these questions are:

> a.  Whether Defendants employed Plaintiffs and the NYLL Class members within
>     the meaning of the NYLL;

b.  Whether Defendants paid Plaintiffs and the NYLL Class members the federal and state minimum wage for all hours worked during the NYLL Class Period;

c.  Whether Defendants' failure to pay the prevailing minimum wage to Plaintiffs and the NYLL Class constitutes a violation of NYLL §650 *et seq.*;

d.  Whether Defendants failed to pay Plaintiffs and the NYLL Class overtime at a rate of one-and-one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the NYLL Class Period;

e.  Whether Defendants illegally retained Plaintiffs' and the NYLL Class's tips and distributed them to non-tipped employees, such as Cooks, Chefs, and other individuals who were not working in customarily tipped positions and/or did not have meaningful contact with customers;

f.  Whether Defendants failed to pay Plaintiffs and the NYLL Class the tips and/or gratuities they were entitled;

g.  Whether Defendants' failure to pay Plaintiff and the NYLL Class their wages earned in accordance with their agreed terms of employment, including by failing to pay them for all hours worked, constitutes a violation of NYLL §191;

h.  Whether Defendants' deductions from the wages of Plaintiffs and the NYLL Class constitutes a violation of NYLL §193 and 12 N.Y.C.R.R. §142-2.10;

i.  Whether Defendants paid Plaintiffs and the members of the NYLL Class the New York State "Spread of Hours" pay on days when they worked more than ten hours;

j.  Whether Defendants compensated Plaintiffs and the NYLL Class members for the cost of their uniforms;

k.  Whether Defendants compensated Plaintiffs and members of the NYLL Class for the costs of maintaining their uniforms; and

l.  Whether Defendants' violations of the NYLL and/or its regulations were willful.

67.     These common questions of law and fact arise from the same course of events,

and each class member will make similar legal and factual arguments to prove liability.

68.     Plaintiffs are members of the NYLL Class that they seek to represent.

Plaintiffs' claims are typical of the claims of the NYLL Class.  The relief Plaintiffs seek for the

unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the NYLL Class.

69.     Plaintiffs' interests are co-extensive with those of the NYLL Class that they seek to represent in this case.  Plaintiffs are willing and able to represent the NYLL Class fairly and to vigorously pursue their similar individual claims in this action.  Plaintiffs have retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.  The combined interests, experience and resources of Plaintiffs and their counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

70.     Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

71.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiffs' and the NYLL Class's entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

72.     The common issues of fact and law affecting Plaintiffs' claims and those of the NYLL Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

73.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the NYLL Class.  There will be no difficulty in the management of this action as a class action.

74.     The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiffs and the NYLL Class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.  The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.  Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

75.     The NYLL Class is so numerous that joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiffs at the present time, upon information and belief, there are at least sixty (60) similarly situated persons who were/are employed by Defendants as "Head Servers," "Servers," Bussers, "Bartenders," "Barbacks," or other similar "tipped" positions during the NYLL Class Period.

76.     Plaintiffs are currently unaware of the identities of the NYLL Class. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants as "Head Servers," "Servers," Bussers, "Bartenders," "Barbacks," or other similar "tipped" positions during the NYLL Class Period, along with their last known addresses, telephone numbers and e-mail addresses, so Plaintiffs can give the NYLL Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

### FIRST CLAIM FOR RELIEF
#### (FLSA Minimum Wage Violations)

77.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

78.     The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the FLSA.

79.     During the FLSA Collective Period, Defendants did not pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked for Defendants.

80.     As a result of Defendants' failure to pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

81.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

82.     Defendants' violations of the FLSA have significantly damaged Plaintiffs and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wages, an additional equal amount in liquidated damages, and attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations)

83.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

84.     Throughout the FLSA Collective Period, Plaintiffs and the other members of the FLSA Collective regularly worked and continue to work in excess of forty (40) hours per workweek.

85.     At all relevant times, Defendants have operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the FLSA Collective at one and one half times their hourly wage for all work in excess of forty (40) hours per workweek.

86.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective at the required overtime rate, one and a half times their hourly wage for all hours worked in excess of forty (40) hours per workweek.

87.     Due to Defendants' FLSA violations, Plaintiffs and the members of the FLSA Collective are entitled to recover from Defendants damages in the amount of their respective unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and interest.

## THIRD CLAIM FOR RELIEF
### (NYLL Minimum Wage Violations)

88.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

89.     The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the NYLL.

90.     During the NYLL Class Period, Defendants did not pay Plaintiffs and the NYLL Class the prevailing minimum wage for all hours worked for Defendants.

91.     As a result of Defendants' failure to pay Plaintiffs and the NYLL Class the prevailing minimum wage for all hours, Defendants violated the NYLL.

92.     The foregoing conduct of Defendants constitutes willful violations of the NYLL.

93.     Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (NYLL Overtime Violations)

94.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

95.     Throughout the NYLL Period, Plaintiffs and the other members of the NYLL Class regularly worked and continue to work in excess of forty (40) hours per workweek.

96.     At all relevant times, Defendants have operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the NYLL Class at one and one half times their hourly wage for all work in excess of forty (40) hours per workweek.

97.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the NYLL Class at the required overtime rate, one and a half times their hourly wage for all hours worked in excess of forty (40) hours per workweek.

98.     Due to Defendants' NYLL violations, Plaintiffs and the members of the NYLL Class are entitled to recover from Defendants damages in the amount of their respective unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and interest.

## FIFTH CLAIM FOR RELIEF
### (NYLL Violations for Illegal Deductions from Gratuities)

99.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

100.     Plaintiffs and the NYLL Class members were employed by Defendants within the meaning of NYLL §§2 and 651.

101.     NYLL §196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity[.]"

102.     During the NYLL Period, Defendants unlawfully demanded and retained gratuities and "charges purported to be gratuities" from Plaintiffs and the NYLL Class, particularly during private events, in violation of NYLL §196-d.

103.     Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class members are entitled to recover from Defendants the amount of retained gratuities, liquidated damages, attorneys' fees and costs, and interest.

### SIXTH CLAIM FOR RELIEF
**(NYLL §191 Violations for Failure to Pay Wages)**

104.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

105.     The NYLL requires covered employers, such as Defendants, to pay employees for the wages with the requisite frequency in accordance with their agreed upon terms of employment.  Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them for all wages earned in accordance with their agreed terms of employment under the NYLL.

106.     During the NYLL Class Period, Defendants did not pay Plaintiffs and the NYLL Class their wages earned in accordance with their agreed terms of employment, and did not pay Plaintiffs and the NYLL Class wages earned for all hours.

107.     As a result of Defendants' failure to pay Plaintiffs and the NYLL Class their wages earned in accordance with their agreed terms of employment, Defendants violated the NYLL.

108.     The foregoing conduct of Defendants constitutes willful violations of the NYLL.

109.     Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class, and entitle them to recover the total amount of their unpaid wages earned in accordance with their agreed terms of employment, an additional amount in liquidated damages, and attorneys' fees and costs.

### SEVENTH CLAIM FOR RELIEF
### (Unlawful Deductions in Violation of NYLL §193 and 12 N.Y.C.R.R. §142-2.10)

110.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

111.     The NYLL and 12 N.Y.C.R.R. §142-2-10 prohibit covered employers, such as Defendants, from making certain deductions from the wages of employees.

112.     During the NYLL Class Period, Defendants unlawfully deducted amounts from the wages of Plaintiffs and the NYLL Class.

113.     Defendants did not make said deductions in accordance with the provisions of any law or any rule or regulation issued by any governmental agency.  Moreover, Plaintiffs and the NYLL Class did not expressly authorize Defendants in writing to make said deductions, and said deductions were not for the benefit of Plaintiffs and the NYLL Class.

114.     As a result of Defendants' unlawful deductions from the wages of Plaintiffs and the NYLL Class, Defendants violated the NYLL and 12 N.Y.C.R.R. §142-2-10.

115.     The foregoing conduct of Defendants constitute willful violations of the NYLL and 12 N.Y.C.R.R. §142-2-10.

116.     Defendants' violations of the NYLL and 12 N.Y.C.R.R. §142-2-10 have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of the wages that were deducted from their pay, an additional amount in liquidated damages, and attorneys' fees and costs.

22

### EIGHTH CLAIM FOR RELIEF
### (Spread of Hours Pay Violations)

117.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

118.     During the NYLL Period, Plaintiffs and members of the NYLL Class regularly worked more than 10 hours in a workday.

119.     Defendants failed to fully compensate Plaintiffs and members of the NYLL Class one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

120.     Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class members are entitled to recover from Defendant the Spread of Hours pay underpayment, liquidated damages, as well as attorneys' fees, costs, and interest.

### NINTH CLAIM FOR RELIEF
### (NYLL Uniform Requirement Violations)

121.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

122.     During the NYLL Period, Defendants required Plaintiffs and the NYLL Class members to purchase all or part of their uniforms at their own expense in violation of NYLL, including, but not limited to, New York State Hospitality Industry Wage Order §146-1.8.

123.     Defendants required Plaintiffs and the NYLL Class members to clean and maintain their uniforms at their own expense in violation of the NYLL, including, but not limited to, New York State Hospitality Industry Wage Order §146-1.7.

124.    Defendants' failure to reimburse Plaintiffs and the NYLL Class for the costs of purchasing, cleaning and maintaining the uniforms was willful within the meaning of NYLL §663.

125.    Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class members are entitled to recover from Defendant the cost of uniform purchase, together with the required uniform maintenance reimbursement, liquidated damages, as well as attorneys' fees, costs, and interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves, the FLSA Collective, and the NYLL Class, respectfully requests that this Court:

A.    Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.    Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiffs with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.    Determine the damages sustained by Plaintiffs and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiffs and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.      Award Plaintiffs and the FLSA Collective an additional equal amount as liquidated damages because Defendants' violations were willful and/or without a good faith basis;

E.      Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23, and direct Defendants to provide Plaintiffs with a list of all members of the NYLL Class, including all last known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

F.      Designate Plaintiffs as representatives of the NYLL Class, and their counsel of record as class counsel;

G.      Determine the damages sustained by Plaintiffs and the NYLL Class as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of the Plaintiffs and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H.      Award Plaintiffs and the NYLL Class an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

I.      Award Plaintiffs, the FLSA Collective, and the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and

J.      Grant Plaintiffs, the FLSA Collective, and the NYLL Class such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and on behalf of all other similarly situated persons, hereby demand a trial by jury on all issues of fact and damages.

Dated:   October 31, 2014
        New York, New York

Respectfully submitted,

WIGDOR LLP

By: _____
      Lawrence M. Pearson
      Tanvir H. Rahman

85 Fifth Avenue
New York, NY 10003
Telephone:   (212) 257-6800
Facsimile:   (212) 257-6845
lpearson@wigdorlaw.com
trahman@wigdorlaw.com

*Attorneys for Plaintiffs and the Proposed
FLSA Collective and NYLL Class*