# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN HYUN, JORDAN RICASA, THANH TA, MARIA FRANCISCO and RYAN ROBINETT on behalf of themselves and on behalf of other similarly situated individuals,<br><br>       Plaintiffs,<br><br>  – against –<br><br>IPPUDO USA HOLDINGS, INC; IPPUDO NY, LLC; IPPUDO WESTSIDE, LLC, and IPPUDO KURO-OBI, LLC,<br><br>       Defendants. | Case No. 14-cv-8706 (AJN)(FM) |

## <u>SETTLEMENT AGREEMENT</u>

Plaintiffs John Hyun, Jordan Ricasa, Thanh Ta, Maria Francisco and Ryan Robinett, on behalf of themselves and all of their heirs, executors, administrators, attorneys, and assigns (collectively, the "Named Plaintiffs"), and defendants Ippudo USA Holdings, Inc., Ippudo NY, LLC, Ippudo Westside, LLC and Ippudo Kuro-Obi, LLC, on their own behalf, on behalf of their present and former directors, officers, partners, shareholders, members, employees, representatives, agents, attorneys, owners, and insurers, and on behalf of all of their parents, subsidiaries, affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys (collectively, "Defendants," and with Named Plaintiffs, the "Parties"), hereby agree upon this Settlement Agreement ("Agreement") as a resolution of all issues involved herein as follows:

1.      **Preliminary Matters**.   The Named Plaintiffs have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, Wigdor LLP, in order to obtain advice with respect to the terms of this Agreement, and have had the opportunity to consider their legal counsel's advice with respect to the foregoing and following Agreement. Named Plaintiffs enter into this Agreement voluntarily and with a full understanding of its terms.

2.      **No Admission of Liability**. The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to the Named Plaintiffs, to any person who has opted-in to the above-referenced action ("Opt-In Plaintiffs"), or to anyone else as a result of or growing out of the matters set forth in the complaint styled Hyun, et al. v. Ippudo USA Holdings, Inc., et al., Civil Action No. 14-cv-8706 (AJN)(FM), and filed in the United States District Court for the Southern District of New York ("Pending Action"), or which could have been raised in such suit, or which otherwise involve the Named Plaintiffs' and/or the Opt-In Plaintiffs' employment relationships with Defendants.    Neither this Agreement, nor its terms, shall be admissible in any proceeding other than in an application seeking Court approval of this settlement and/or final dismissal of this matter, or a proceeding for breach of and/or to enforce the terms of this Agreement as set forth herein.

3.      **Dismissal of Pending Action**.  For and in consideration of the promises of Defendants set forth  in this Agreement, the receipt and sufficiency of which the Named Plaintiffs acknowledge, and subject to Court approval of this Settlement Agreement, the Named Plaintiffs agree: (1) to dismiss, or cause to be dismissed, the Pending Action with prejudice as to the Named Plaintiffs and Opt-In Plaintiffs; and (2) not to re-file the causes of action asserted in the Pending Action, or any other causes of action against Defendants arising from employment-related or other matters that were encompassed or could have been encompassed or raised in the

Pending Action.  The Named Plaintiffs expressly authorize their counsel to execute the Stipulation and Order of Dismissal With Prejudice set forth in Exhibit A attached hereto, and incorporated by reference, and to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or the full release of claims, and enforcement of the Agreement, as specified herein.

4.      **Consideration**.   For and in consideration of the promises of the Named Plaintiffs and Opt-In Plaintiffs set forth in this Agreement, Defendants agree to pay the Named Plaintiffs, Opt-In Plaintiffs, and their attorneys a maximum total sum of up to Five Hundred Eighty Thousand Dollars and Zero Cents ($580,000.00) as set forth and allocated in Sections 8 and 10 below ("Settlement Payment").  The Parties acknowledge and agree that the Settlement Payment includes any claims for attorneys' fees, costs, penalties, and liquidated damages.

5.      **Limited Release of Defendants by Named Plaintiffs.**  For and in consideration of the promises of Defendants set forth in this Agreement, including the Settlement Payment, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Named Plaintiffs hereby fully and forever release, relieve, waive, relinquish, and discharge Defendants from any and all claims, debts, losses, demands, obligations, liabilities, causes of action, charges, grievances, complaints or suits of any type or nature which relate to the manner/method of or amount of the payment of his/her compensation by Defendants, including but not limited to claims for unpaid wages, gratuities, or other compensation under any federal, state or local law, including but not limited to the Fair Labor Standards Act (29 U.S.C. § 201, *et. seq.*) and the New York Labor Law (New York Labor Law §§ 191, 193, 196-d, 198-b, 650, *et. seq,* 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs.) and any other claims for compensation alleged in the Pending Action or which could have been alleged,

including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, gratuities, penalties, other compensation or benefits, claims on account of unpaid wages, tips, overtime, and/or other compensation, attorneys' fees and costs, whether known or unknown, from the beginning of the world through the date of Employee's execution of this Release. .

6.      **Wage-and-Hour Limited Release by Opt-In Plaintiffs.**  The limited release by Opt-In Plaintiffs is set forth in the limited release attached hereto as Exhibit B ("Limited Release") and incorporated herein by reference.   Within 14 days of the entry of an Order approving this Agreement, Wigdor LLP shall either mail, e-mail or otherwise provide the cover letter (or a letter substantially similar thereto) attached hereto as Exhibit C ("Cover Letter"), the Limited Release attached hereto as Exhibit B, and a copy of this Agreement to every Opt-In Plaintiff.  This provision shall not be read in any way to limit the manner in which counsel communicates with the Named Plaintiffs or the Opt-In Plaintiffs.   No Opt-In Plaintiff will receive payment under this Agreement unless he or she submits his or her executed Limited Release to Wigdor LLP no later than one (1) year after the mailing, e-mailing and/or providing of the Cover Letter, Limited Release, and Agreement. Notwithstanding the above, Named Plaintiffs John Hyun, Jordan Ricasa, Thanh Ta, Maria Francisco and Ryan Robinett, who are signing this agreement, need not submit additional Limited Releases to receive their payments.

7.      **No Entitlement to Payments or Benefits Outside This Agreement.**  Named Plaintiffs expressly understand and agree that, absent this Agreement, they would not otherwise be entitled to the consideration specified in Section 10 of this Agreement.  Further, Named Plaintiffs agree that they are not entitled to any payments and/or benefits from Releasees relating to this Agreement or the Pending Action that are not specifically listed in this Agreement.

8.      **Allocation of Service Payments and Net Settlement Amount Payments**. The Parties have determined that the payments to each Plaintiff and Opt-In Plaintiff who timely submits an executed Limited Release shall be treated half as earnings subject to IRS Form W-2 reporting and half as earnings subject to IRS Form 1099 and, therefore, normal payroll taxes and withholdings will be deducted pursuant to local, state and federal law for the W-2 payments. Service Payments, as specified in Section 10(ii), shall be reported as 1099 income to Named Plaintiffs.  Plaintiffs' attorneys' fees shall be reported as 1099 income to Plaintiffs' counsel. Defendants shall be responsible for preparing all IRS Forms W-2 and IRS Forms 1099. Plaintiffs' counsel shall be responsible for preparing all notices, mailings, claims and administration in accordance with this Agreement.  Plaintiffs' counsel and Defendants' counsel do not intend this Agreement to constitute legal advice regarding the tax consequences of these payments.    Named Plaintiffs agree that they have not relied on any advice from Defendants or their attorneys concerning the tax consequences of the payments made pursuant to this Agreement.  Named Plaintiffs acknowledge that Defendant Ippudo USA Holdings, Inc. and/or Ippudo NY, LLC must report to the IRS (as well as state and local taxing authorities where applicable) all payments made pursuant to this Agreement, and that all such payments will be reported via IRS Forms W-2 and IRS Forms 1099 as set forth in this Agreement.

Named Plaintiffs assume full responsibility for their respective portions of the Service Payment that are reported as earnings subject to IRS Form 1099  and any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiffs.  Indeed, although the Parties believe, in good faith, that the tax treatment of the Service Payment and Settlement Payment are proper and in compliance with applicable Internal Revenue Service ("IRS") regulations, if, notwithstanding such belief, the Internal Revenue

Service or any other federal, state or local government, administrative agency or court determines that any Plaintiff and/or any Defendant is liable for any failure by any Plaintiff to pay federal, state or local income or employment taxes with respect to the Service Payment and/or Settlement Payment, or liable for interest or penalties related thereto, then Plaintiffs agree to hold Defendants harmless for any such liability.

9.       **Court Approval of Agreement**.  The Parties shall submit this Agreement to the Court for the Court's approval.

10.      **Settlement Payments**.  The full amount of Five Hundred Eighty Thousand Dollars and Zero Cents ($580,000.00) shall include the individual settlement amounts set forth herein in Section 10(i) for Named Plaintiffs and Opt-In Plaintiffs ("Individual Settlement Amounts"), the service payments set forth in Section 10(ii) for Named Plaintiffs ("Service Payments"), and the attorneys' fees and costs set forth in Section 10(iii) ("Attorneys' Fees and Costs").  Defendants shall pay all monies due to Named Plaintiffs, Opt-in Plaintiffs, and their counsel within six (6) months of the date that all of the Named Plaintiffs have executed this Agreement, or within fourteen (14) days after the Court's entry of an Order of Dismissal with Prejudice of the Pending Action, whichever is later (the "Initial Payment Date").  Counsel agrees to hold in escrow any Individual Settlement Amounts for any Opt-in Plaintiff who has not executed a Limited Release if and until said Opt-in Plaintiff has executed and returned the Limited Release.  Any Opt-In Plaintiff who fails to submit an executed Limited Release within one (1) year after receiving the Cover Letter, Limited Release, and Agreement shall forfeit his or her respective Individual Settlement Amount under this Agreement.  All payments shall be mailed to Wigdor LLP, 85 Fifth Avenue, New York, New York 10003, to the attention of

Lawrence M. Pearson, Esq.  All unclaimed Individual Settlement Amounts shall be returned to Defendants after the one-year period.

          i.   **Individual Settlement Amounts**.  Defendants shall pay the following Individual Settlement Amounts to Named Plaintiffs John Hyun, Jordan Ricasa, Thanh Ta, Maria Francisco and Ryan Robinett, and to each Opt-In Plaintiff who timely submits an executed Release totaling $351,878.76:

1. Omar Alzindani: $ 1,162.31

2. Jean Marc Andrianary: $40.02

3. Tara Atthakorn: $12,241.35

4. Joseph Belcastro:  $1,060.34

5. MD Chaudhury: $24.84

6. Jose Cielo: $5,746.48

7. Michael Cooper: $84.92

8. Dennis Cyrus: $96.94

9. Dominic Dacunto: $2,256.68

10. Roxann Dearmas: $1,129.69

11. Joey DeBenedetto: $868.47

12. Christian Dominguez: $30,775.69

13. Christian Downey: $1,980.07

14. Lance Edwards: $22,822.74

15. Lindsay Elsaesser: $12,164.13

16. Robert Eng: $15,996.44

17. Albert Escalera: $134.25

18. Maria Francisco: $7,544.63

19. Kristofer Franks: $1,195.84

20. Eric Gomez: $2,009.93

21. Jaclyn Gramigna: $2,241.60

22. Rachel Hsiung: $176.17

23. John Hyun: $6,525.97

24. Mohammed Iqbal: $3,263.62

25. MD Khyrul Islam: $233.74

26. Adrian Javier: $3,742.77

27. Yoshiko Jones: $7,131.82

28. Zain Khan: $637.63

29. Josephine Luong: $8,598.16

30. Moshe Maizels: $15,460.16

31. Carrisa Matsushima: $6,676.70

32. Jose Melgar: $324.84

33. Matilda Miyares: $10,282.93

34. Lori Mizro: $59.58

35. Jeurys Padilla: $74.33

36. Alberto Porteiro: $34,638.89

37. Zachary Praskin: $13,572.64

38. Jordan Ricasa: $8,895.17

39. Ryan Robinett: $6,086.04

40. Seung Ha: $1,168.21

41. Mikhail Shevchenko: $270.59

42. Natalie Starr: $4,486.39

43. Thanh Ta: $10,617.12

44. Jorge Torres: $2,744.25

45. Michiko Torres: $19,932.05

46. Maira Toyama: $183.39

47. Mohammed Ullah: $177.63

48. Amalia Valle Rebaza: $5,856.60

49. Zack Willis: $13,414.34

50. Dorothy Wong: $9,183.17

51. Margaret Yamada: $4,728.76

52. Kelli Lynn Youngman: $278.21

53. Ninjin Zolboot: $30,879.55

Each Individual Settlement Amount provided above should be distributed evenly: (1) half of the amount in one check as W-2 earnings, with applicable taxes deducted; and (2) half of the amount in a second check as 1099 earnings.

      ii.  **Service Payments.**  Each of the Named Plaintiffs shall receive Service Payments in the amount of Six Thousand Dollars and Zero Cents ($6,000.00), to be paid as follows:

1. John Hyun: $6,000.00

2. Jordan Ricasa: $6,000.00

3. Thanh Ta: $6,000.00

4. Maria Francisco: $6,000.00

    5.   Ryan Robinett: $6,000.00

    iii.  **Attorneys' Fees and Costs**.  Defendants shall pay a total of one-hundred ninety-eight thousand one-hundred and twenty-one dollars and twenty-four cents ($198,121.24) to Wigdor LLP for Plaintiffs' Attorneys' Fees and Costs, pursuant to paragraph 4 above, which shall be paid according to the schedule set forth herein with respect to payments of the Individual Settlement Amounts to the Named Plaintiffs and Opt-In Plaintiffs.  This amount consists of $193,333.33 in Attorneys' Fees and $4,787.91 in litigation costs incurred to date.  Defendants shall provide an IRS Form 1099 along with these payments.  Defendants do not and will not oppose Plaintiffs' application for Attorneys' Fees and Costs, nor will Defendants oppose any appeal or motion for reconsideration by Plaintiffs pursuant to any order by the Court denying fully or in part Plaintiffs' application for Attorneys' Fees and Costs.  Notwithstanding any pending appeal or motion for reconsideration, Defendants shall be required to make the Individual Settlement Amounts and any and all Service Payments to the Named Plaintiffs and Opt-In Plaintiffs.  The Parties agree that any reduction by the Court of the amount awarded as Attorneys' Fees and Costs will be re-distributed on a pro rata basis to Named Plaintiffs' and Opt-in Plaintiffs who timely executed a Limited Release, and will not revert to Defendants.

    11.    **No Employment.**  Named Plaintiffs and Opt-In Plaintiffs who sign a Limited Release, excepting present employees Robert Eng and Moishe Maizels, agree not to seek reemployment with any of the Defendants.  Named Plaintiffs and Opt-In Plaintiffs further agree and acknowledge that this Settlement Agreement shall constitute good and sufficient cause on which Defendants and/or any of their subsidiaries, divisions, affiliates, predecessors, parents, successors or other related entities may reject applications for reemployment by Plaintiffs or on their behalf, and that such rejections shall not constitute an act of retaliation.

12.      **Governing Law.**  The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to conflict of laws principles.

13.      **Continuing Jurisdiction and Venue.**  The Parties request that the Court retain jurisdiction over any disputes arising out of or related to this Agreement.  However, if the Court should refuse or decline to accept continuing jurisdiction, the Parties agree that this Agreement may be enforced in any court of competent jurisdiction located in the State of New York, County of New York.  The District Court's refusal to retain jurisdiction over the settlement shall not void or otherwise effect this Agreement.

14.      **Status of Settlement if Case Is Not Ultimately Dismissed**.  In the event that the Court fails to dismiss the Pending Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*.  In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the Parties shall proceed in all respects as though the Agreement had not been executed. Notwithstanding the foregoing, the Parties can agree in a separate writing to modify or alter this Agreement in order to obtain Court approval and dismissal of this Pending Action with prejudice.

15.      **Important Acknowledgments**. It is understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein are not a mere recital but are the consideration for this Agreement and all terms herein including, but not limited to, the full and final release effected thereby.  The Parties represent and warrant that the Settlement Payment is fair and reasonable.  The Parties represent and warrant that the attorneys' fees portion of the Settlement Payment is fair and reasonable.  The Parties represent and warrant that they are

entering into this Agreement of their own free will and accord after consultation with their attorneys.  The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.  Named Plaintiffs acknowledge that they have not previously transferred, assigned or conveyed any right or claim released in this Agreement.

16.     **No Other Representations or Agreements; Entire Agreement**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.  This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto.   There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.  This Agreement constitutes and contains the entire agreement among the Parties, and supersedes and replaces all prior negotiations and agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.  This Agreement is an integrated document.

17.     **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

18.     **Headings.**  The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

19.     **Prevailing Party Fees.**  In the event of any litigation to enforce this Agreement or otherwise regarding a breach of the terms of this Agreement in which one party is found to be in breach of a term(s) of this Agreement, the non-breaching party shall be entitled to receive

from the party in breach reasonable attorneys' fees and costs up through and including the appellate process.

20.     **Execution in Counterparts**.  This Agreement may be executed in counterparts by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.  Photocopied and/or facsimile signatures shall be deemed originals for all purposes.

21.     **Named Plaintiffs' Knowing and Voluntary Release of Claims.**  Named Plaintiffs acknowledge that they:

A. have carefully read and fully understand all of the provisions of this Agreement;

B. understand that all consideration they are receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause them to sign it.

C. knowingly and voluntarily agree to all of the terms set forth in this Agreement;

D. knowingly and voluntarily intend to be legally bound by this Agreement;

E. were advised to consult with counsel, and, in fact, have consulted with counsel, prior to executing this Agreement;

F. are signing this Agreement knowingly, voluntarily, and without any coercion or duress; and

G. are duly authorized and have full authority to execute this Agreement.

22.     **Revocation**.  Named Plaintiffs understand and agree that they have a period of seven (7) days following the signing of this Agreement to revoke it.  Named Plaintiffs understand that in the event that any Named Plaintiff revokes this Agreement, the entire

-13-

Agreement shall be null and void and of no force or effect on either party and, therefore, Defendants will not be under any obligation to make the payments set forth above.  In order to revoke this Agreement, Named Plaintiffs must sign and send a written notice of the decision to do so, addressed to Moses & Singer, LLP, Attn: David B. Feldman, 405 Lexington Avenue, New York, New York, 10174, and the written notice must be received by Defendants no later than the eighth day after Named Plaintiffs signed this Agreement.  Named Plaintiffs further understand that this Agreement shall not be effective or enforceable until the seven (7) day revocation period has expired, provided that no Named Plaintiff exercises his or her right to revoke this Agreement.

     **IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

**FOR PLAINTIFFS**:

**JOHN HYUN**

Dated: _____  4/14/2016      _____
                                                   *John Hyun*

**JORDAN RICASA**

Dated: _____       _____

**THANH TA**

Dated: _____       _____

Agreement shall be null and void and of no force or effect on either party and, therefore, Defendants will not be under any obligation to make the payments set forth above.  In order to revoke this Agreement, Named Plaintiffs must sign and send a written notice of the decision to do so, addressed to Moses & Singer, LLP, Attn: David B. Feldman, 405 Lexington Avenue, New York, New York, 10174, and the written notice must be received by Defendants no later than the eighth day after Named Plaintiffs signed this Agreement.  Named Plaintiffs further understand that this Agreement shall not be effective or enforceable until the seven (7) day revocation period has expired, provided that no Named Plaintiff exercises his or her right to revoke this Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

**FOR PLAINTIFFS:**

**JOHN HYUN**

Dated: _____          _____

**JORDAN RICASA**

Dated: 4.14.16          _____

**THANH TA**

Dated: _____          _____

-14-

Agreement shall be null and void and of no force or effect on either party and, therefore, Defendants will not be under any obligation to make the payments set forth above.  In order to revoke this Agreement, Named Plaintiffs must sign and send a written notice of the decision to do so, addressed to Moses & Singer, LLP, Attn: David B. Feldman, 405 Lexington Avenue, New York, New York, 10174, and the written notice must be received by Defendants no later than the eighth day after Named Plaintiffs signed this Agreement.  Named Plaintiffs further understand that this Agreement shall not be effective or enforceable until the seven (7) day revocation period has expired, provided that no Named Plaintiff exercises his or her right to revoke this Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

**FOR PLAINTIFFS**:

**JOHN HYUN**

Dated: _____          _____

**JORDAN RICASA**

Dated: _____          _____

**THANH TA**

Dated: 4/14/2016  _____          _____

-14-

**MARIA FRANCISCO**

Dated: __April 13, 2016__                    _____

**RYAN ROBINETT**

Dated: _____                    _____



**FOR DEFENDANTS:**

**IPPUDO USA HOLDINS, INC.**

Dated: _____                    **BY:** _____

**IPPUDO NY, LLC**

Dated: _____                    **BY:** _____

**IPPUDO WESTSIDE, LLC**

Dated: _____                    **BY:** _____

**IPPUDO KURO-OBI, LLC**

Dated: _____                    _____

**MARIA FRANCISCO**

Dated: _____      _____

**RYAN ROBINETT**

Dated: _4/13/2016_____      _____

**FOR DEFENDANTS:**

**IPPUDO USA HOLDINS, INC.**

Dated: _____      BY: _____

**IPPUDO NY, LLC**

Dated: _____      BY: _____

**IPPUDO WESTSIDE, LLC**

Dated: _____      BY: _____

**IPPUDO KURO-OBI, LLC**

Dated: _____      _____

MARIA FRANCISCO

Dated: _____          _____

RYAN ROBINETT

Dated: _____          _____

FOR DEFENDANTS:

IPPUDO USA HOLDINS, INC.

Dated: 4/14/16          BY: _____

IPPUDO NY, LLC

Dated: 4/14/16          BY: _____

IPPUDO WESTSIDE, LLC

Dated: 4/14/16          BY: _____

IPPUDO KURO-OBI, LLC

Dated: 4/14/16          _____

-15-

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN HYUN, JORDAN RICASA, THANH TA, MARIA FRANCISCO and RYAN ROBINETT on behalf of themselves and on behalf of other similarly situated individuals, <br><br> Plaintiffs, <br><br> – against – <br><br> IPPUDO USA HOLDINGS, INC; IPPUDO NY, LLC; IPPUDO WESTSIDE, LLC, and IPPUDO KURO-OBI, LLC, <br><br> Defendants. | Index No. 14-cv-8706 (AJN)(FM) |

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on October 31, 2014, plaintiffs John Hyun, Jordan Ricasa, Thanh Ta, Maria Francisco and Ryan Robinett (collectively, "Plaintiffs") filed a Complaint, which asserted claims pursuant to the Fair Labor Standards Act ("FLSA"), and the New York Labor Law ("NYLL") against defendants Ippudo USA Holdings, Inc., Ippudo NY, LLC, Ippudo Westside, LLC, and Ippudo Kuro-Obi, LLC (collectively, "Defendants");

**WHEREAS,** the action was commenced as a putative collective action under the FLSA, and Plaintiffs sought and obtained conditional certification of the action under 29 U.S.C. § 216(b) by Order dated June 10, 2015;

**WHEREAS,** on or about June 15, 2015 Plaintiffs distributed a Court-authorized Notice of Pendency of Lawsuit, pursuant to 29 U.S.C. § 216(b), to all current and former Head Servers,

Servers, Bussers, Bartenders, and Barbacks of Defendants who worked at Defendants' restaurants at Ippudo NY, 65 4th Avenue, New York, New York 10003, Ippudo Westside, 321 West 51st Street, New York, New York 10019, and Ippudo Kuro-Obi, 700 8th Avenue, New York, New York 10036, between October 31, 2011, and the date of the Notice, resulting in the joinder of fifty-three (53) total party-plaintiffs in this matter (including the originally named Plaintiffs);

**WHEREAS,** the parties reached a settlement of Plaintiffs' claims through arms-length negotiations and have entered into a Settlement Agreement ("Agreement"), memorializing the parties' settlement; and

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and determined to be a fair and reasonable resolution of a bona fide dispute over a provision or provisions of the Fair Labor Standards Act and the New York Labor Law.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for Plaintiffs and Defendants, that this action is hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, with no award of counsel fees or costs by the Court to either side.  The Court agrees to retain jurisdiction over the enforcement of this Agreement.

Dated: New York, New York                    Dated: New York, New York
       April __, 2016                                      April __, 2016

WIGDOR LLP                                   MOSES & SINGER, LLP


_____             _____
Lawrence M. Pearson, Esq.                    David B. Feldman, Esq.
Tanvir H. Rahman, Esq.                       Hirohisa Naito, Esq.
Bryan L. Arbeit, Esq.                        405 Lexington Avenue
85 Fifth Avenue                              New York, New York 10174
New York, New York 10003                     *Attorney for Defendants*
*Attorneys for Plaintiffs*


**SO ORDERED:**


_____
**Honorable Alison J. Nathan**                  **Dated:** **New York, New York**
**United States District Judge**                      **_____ ___, 2016**

**EXHIBIT B**

## LIMITED RELEASE

This Release ("Release") is made and entered into by and between _____ ("Employee") and Ippudo USA Holdings, Inc., Ippudo NY, LLC, Ippudo Westside, LLC, and Ippudo Kuro-Obi, LLC (collectively, "Defendants").

WHEREAS, Employee is an opt-in Plaintiff in a collective action against Defendants in the United States District Court for the Southern District of New York captioned Hyun, et al. v. Ippudo USA Holdings, Inc., et al., Civil Action No. 14-cv-8706 (AJN)(FM) ("Pending Action"), asserting unpaid gratuities and other wage claims;

WHEREAS, the Pending Action has been settled pursuant to a Settlement Agreement and Release ("Agreement") made and entered into by and between plaintiffs John Hyun, Jordan Ricasa, Thanh Ta, Maria Francisco, and Ryan Robinett (collectively, "Plaintiffs") and Defendants;

WHEREAS, Employee desires to accept the terms and benefits of the Agreement and voluntarily resolve all wage and hour claims between Employee, Defendants, and other persons and entities identified herein; and,

WHEREAS, Employee and Defendants hereby incorporate all of the terms of the Agreement by reference and agree to be bound by them.

NOW, THEREFORE, IT IS HEREBY AGREED as follows:

1.     Defendants shall pay Employee the total sum of $_____ dollars as detailed in Section 10 of the Agreement.

2.     Employee, on behalf of himself/herself and anyone who has or obtains any legal rights or claims through him/her, hereby irrevocably waives, releases and fully discharges Defendants, along with their past, present and future parents, subsidiaries, affiliates and related entities, and their respective past and present agents, attorneys, officers, directors, owners, shareholders, members, investors, employees, representatives, successors and assigns, and anyone acting in concert with any of them (collectively, "Releasees"), from any and all claims, debts, losses, demands, obligations, liabilities, causes of action, charges, grievances, complaints or suits of any type or nature which relate to the manner/method of or amount of the payment of his/her compensation by Defendants, including but not limited to claims for unpaid wages, gratuities, or other compensation under any federal, state or local law, including but not limited to the Fair Labor Standards Act (29 U.S.C. § 201, *et. seq.*) and the New York Labor Law (New York Labor Law §§ 191, 193, 196-d, 198-b, 650, *et. seq,* 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs.) and any other claims for compensation alleged in the Pending Action or which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, gratuities, penalties, other compensation or benefits, claims on account of unpaid wages, tips, overtime, and/or other compensation, attorneys' fees and costs, whether known or unknown, from the beginning of the world through the date of Employee's execution of this Release.

3.      This Release is not an admission by the Releasees or evidence of any violation of any of the rights of Employee, or the rights of any other person, or violation of any order, law, statute, duty or contract of any kind.

4.       Employee acknowledges that, by signing this Release, he/she has not relied on any promise, representation or statement made by anyone other than his/her attorney concerning the subject matter, basis, or effect of this Release.  Employee acknowledges that he/she has carefully read and fully understands all of the provisions of this Release, has been given a reasonable time to consider his/her rights and obligations and to consult with his/her attorney, Wigdor LLP, before executing the Release.  Employee further understands that this Release is legally binding, and that, by signing it, he/she is giving up certain rights, that he/she has not been forced or pressured in any way to sign this Release, and that he/she knowingly and voluntarily is releasing Releasees from any certain claims that he/she may have in exchange for the payments described herein.

5.      This Release shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to conflict of laws principles. This Release shall be interpreted in accordance with the plain meaning of its terms and shall not be interpreted for or against any of the parties hereto regardless of who prepared any provision to this Release.

This Release is accepted by the Employee on the __ day of _____, 2016, as evidenced by Employee's signature below.

_____
Employee Signature

# EXHIBIT C

**COVER LETTER (to be sent on Wigdor LLP letterhead)**

DATE

NAME
ADDRESS
CITY, STATE ZIP CODE

  **Re:**  **NOTICE OF LAWSUIT SETTLEMENT**
     **Hyun, et al. v. Ippudo USA Holdings, Inc., et al., 14-cv-8706 (AJN)(FM)**

Dear NAME,

   We are your attorneys in the lawsuit that Plaintiffs John Hyun, Jordan Ricasa, Thanh Ta, Maria Francisco, and Ryan Robinett filed against Defendants Ippudo USA Holdings, Inc., Ippudo NY, LLC, Ippudo Westside, LLC, and Ippudo Kuro-Obi, LLC.  Please be advised that the parties have settled this lawsuit.

   Enclosed is the settlement agreement describing all of the terms of the settlement.  Under this agreement, your share of the settlement is $_____.  **[Insert notice of any provisions modified or struck from Agreement]**

   **In order to receive any payment pursuant to the settlement, you must sign the enclosed form entitled "Limited Release" and submit it by [one year after mailing] to:**

**Wigdor LLP**
**85 Fifth Avenue**
**New York, NY 10003**
**Fax: 212-257-6845**
**Email: paralegals@wigdorlaw.com**

You may submit the form by mail, email or fax.  If you wish to mail the form, you may use the enclosed stamped envelope.  **If you do not submit a signed Limited Release, you will not receive any payment from this settlement.**

   If you have any questions, please call our office at (212) 257-6800.

     Sincerely,


     Lawrence M. Pearson
     Tanvir H. Rahman
     Bryan L. Arbeit